James Weiler; AZ Bar No. 034371
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Salvador Vazquez**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Century Communities**, **Inc.** a Delaware corporation;<br><br>Defendant. | **Case No.**<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Salvador Vazquez ("**Plaintiff**"), for his Verified Complaint against Defendant Century Communities, Inc. ("**Century Communities**"), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendant in this District.

**PARTIES**

6. At all relevant times to the matters alleged herein, Plaintiff Salvador Vazquez resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Salvador Vazquez was a full-time employee of Defendant from on or around June 10, 2021, until on or around January 10, 2023 ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Salvador Vazquez was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Salvador Vazquez was a non-exempt employee.

10. Defendant Century Communities is a company authorized to do business in Arizona.

11. Defendant Century Communities was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in

2021.

13. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

14. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that an annual gross sales of at least $500,000 in 2023.

15. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

16. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

17. Plaintiff, in his work for Defendant, regularly handled goods produced and transported in interstate commerce.

18. Plaintiff used email, text, and Microsoft Teams to communicate with Defendant.

19. Plaintiff is a covered employee under individual coverage.

20. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

21. Defendant is a real estate company with an Inspire Home Loans division which conducts mortgage related business.

22. On or around June 10, 2021, Plaintiff Salvador Vazquez commenced employment with Defendant as a mortgage underwriter in its Inspire Home Loans Division.

23. During his employment, Plaintiff was a mortgage underwriter whose primary

Doc ID: 46b60a6da26ca80b8e4fb096bca04b60c7195af6

job duties included, *inter alia*, verification of borrower information and identifying loan conditions necessary to satisfy the terms of the investor.

24. Plaintiff was to be paid $45.67 an hour plus commissions/bonuses/incentive pay.

25. Plaintiff Salvador Vazquez routinely worked in excess of 40 hours per week.

26. Defendant failed to properly calculate Plaintiff's adjusted overtime rate of pay.

27. Throughout his employment, Plaintiff was required to work hours off the clock.

28. Plaintiff worked off the clock and was not paid for those hours.

29. For example, during Plaintiff's employment, Defendant informed Mr. Vazquez that he could only report a set number of hours of overtime, even though his management team knew or should have known that he worked substantially more in order to complete his work.

30. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

31. For example, during the workweek of December 5, 2022, Plaintiff Salvador Vazquez worked an estimated 52.25 hours and did not receive overtime pay.

32. During many pay periods, Plaintiff was also paid a non-discretionary bonus and/or commission.

33. Bonuses, commissions, contests, and/or other incentive pay were not incorporated into his overtime hourly rate.

34. During each of the pay periods that Plaintiff was paid a non-discretionary

bonus and/or commission, he was not paid the correct amount of his overtime wages.

35. At all times relevant, Defendant improperly calculated Plaintiff's regular rate of pay pursuant to the FLSA.

36. Defendant failed to properly incorporate the incentives, bonuses, commissions, and additional compensation paid to Plaintiff in each pay period as part of the determination of his regular rate of pay.

37. As a result, Defendant failed to pay Plaintiff overtime at a rate of 1.5 times his new regular rate of pay pursuant to the FLSA.

38. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

39. Defendant required Plaintiff to work overtime as a condition of his employment.

40. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

41. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining its employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

43. Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

44. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

45. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

47. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

48. Defendant has intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

49. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

50. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

51. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

52. Defendant knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

53. Defendant knew that it was not properly calculating Plaintiff's regular rate of pay on the occasion that it did compensate Plaintiff for overtime hours worked.

54. Defendant knew its failure to pay overtime wages was a violation of the FLSA.

55. Defendant has not made a good faith effort to comply with the FLSA.

56. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Doc ID: 46b60a6da26ca80b8e4fb096bca04b60c7195af6

RESPECTFULLY SUBMITTED January 29, 2024.

**WEILER LAW PLLC**

By: <u>/s/ James Weiler</u>
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

Doc ID: 46b60a6da26ca80b8e4fb096bca04b60c7195af6

## **VERIFICATION**

Plaintiff Salvador Vazquez declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Salvador Vazquez